No. 793
CLAYTON et v. CHIPPEWA LAKE PARK CO. et

Ohio Appeals, 9th Dist., Medina Co.

No. 58. Decided June 26, 1925

168. BOUNDARIES—1. Where there is no evidence to the contrary, presumption is that margin of lake, setting off boundary, is where stakes were placed by parties in first conveyance of land involved.

2. In construing a description in a deed where there is a discrepancy between distance and monument, deed is to be construed to give effect to the intention of the parties.

PER CURIAM.

Geo. Clayton acquired real estate in Medina County in 1901 which was described as "Lot 58 - - - - - bounded by the last margin of Chippewa Lake - - - - - etc." The evidence shows that by artificial means, starting prior to 1895, the level of the lake has been lowered, and that by so doing, a narrow strip around the lake has been recovered, and on the east side of said lake, being the strip in dispute, is of considerable width, evidence as to the exact width being in dispute.

Clayton claimed this strip because it was claimed that by description in his deed he is entitled to the land to the waters edge as it is now, which would include the strip in dispute. It was further contended that if not entitled to the same by his deed, he is nevertheless entitled to the same by adverse possession. The action was instituted by Clayton in the Medina Common Pleas, against the Chippewa Lake Park Co., and the case was appealed to the Court of Appeals, which held:

## STATE COURT OF APPEALS—Continued

1. Inasmuch as Clayton's deed refers to the first deed of record in regards to the land involved, as fixing the western boundary of his land, it becomes necessary to determine what the parties to said deed intended as the westerly boundary of the land conveyed, under the circumstances and conditions as they existed the time said deed was executed.

2. It is well settled law in Ohio, in construing a description in a deed, that where there is a discrepancy between the distance and the monument, the deed is to be construed to give effect to the intention of the parties.

3. In Lembeck v. Nye, 47 OS. 336, it was held competent for parties to limit the boundary of land conveyed by a description in a deed, to the side of the highway or to the top of the bank of a running stream or to the edge of the water of a lake, and the Supreme Court in that case held that in this same first conveyance on record from Fowler to Wright, that the parties intended to make the margin of the lake the boundary of the land, instead of the lake itself.

4. There is no evidence which tends to prove that there was a difference between the margin of the lake and the stakes at the time the Fowler-Wright deed was executed and delivered; but there is evidence that there is a difference at the present time, because of the lowering of the level of the lake caused by artificial means since the Fowler-Wright deed in 1852.

5. The fact that the parties fixed the distance from the east line of lot 58 to the margin of the lake is significant; and the presumption would be, in the absence of evidence to the contrary, that the margin of the lake at that time was where the stakes were set and not otherwise.

6. Clayton has failed to sustain his claim that he owns by deed, the land uncovered by lowering the level of Chippewa Lake; as he has also failed to sustain his claim to the strip by adverse possession. Petition of Clayton dismissed, and the company's title to the strip is hereby quieted.

Attorneys—Klein & Klein and H. R. Hill, Cleveland, for Clayton et; Woods & Welsh, W. P. Ainsworth and Arthur Van Epp, Medina, for Company.